**Earl Jones, Appellant,**

v.

**Phillip Schlosberg, a Professional Corporation, Appellee.**

No. 05–55621.

D.C. No. CV–04–00571–NM.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.*

Decided May 2, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Earl Jones, Moreno Valley, CA, pro se.

Phillip Schlosberg, Phillip Schlosberg Law Offices, North Hollywood, CA, pro se.

Before SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

### MEMORANDUM **

Earl Jones appeals from a district court order that affirmed a default judgment issued by the bankruptcy court. The default judgment annulled Jones's fraudulent transfers of real estate, enjoined Jones and his daughter from conveying the real estate, and held that the real estate was property of the bankruptcy estate. We affirm.[1]

■ We must first address whether we have jurisdiction to hear this case, since Jones's bankruptcy proceeding is not yet closed. Under 28 U.S.C. § 158, while district courts may hear interlocutory appeals of bankruptcy court orders, circuit court jurisdiction is limited to appeals of final orders. *See In re Rains*, 428 F.3d 893, 900–01 (9th Cir.2005). We apply a four-factor, pragmatic test to determine whether an order is final, considering: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1038 (9th Cir.2000).

Applying that test, we conclude that the order was final, and so we have jurisdiction to hear the appeal. There is no danger of piecemeal litigation, because Jones did not make any substantive challenges to Schlosberg's claims, relying instead on procedural challenges. There are no facts to be found that would affect this Court's decision. It is efficient to consider the issues now, rather than dragging on this litigation, which stems from a suit filed in 1987.

■ Turning to the merits, Jones largely fails to address the well-reasoned decision of the district court. The district court properly concluded that a proceeding to set aside a fraudulent conveyance invokes the core subject matter jurisdiction of the bankruptcy court. Slip op. at 10–11; *see also* 28 U.S.C. § 157(b)(2)(H). The district court properly held that the bankruptcy court did not err in allowing Schlosberg to bring the avoidance action after the trustee refused to do so. Slip op. at 8–9; *see also In re Parmetex*, 199 F.3d 1029, 1031 (9th Cir.1999) (holding that bankruptcy court may delegate trustee's avoidance powers in Chapter 7 case to creditor). The district court also correctly held that Schlosberg's claims were not barred by the trustee's filing of a "no asset" report, since

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The facts set forth in the district court's opinion are not disputed by the parties, so we do not repeat them here.

the bankruptcy court had not closed the case. Slip op. at 11–12; *see also In re Reed*, 940 F.2d 1317, 1321 (9th Cir.1991). Regarding Jones's claim that Schlosberg lacked standing to file a complaint because it had not filed a proof of claim prior to the deadline, the district court correctly noted that Schlosberg had standing as a creditor of the estate. Slip op. at 10. Additionally, the bankruptcy court sent notice to creditors not to file proofs of claim unless notified, because the case was originally considered to be a no-asset case. Under Bankruptcy Rule 3002(c)(5), where creditors are initially notified not to file proofs of claim but assets are later discovered, the time period for filing proofs of claims is extended. Therefore, even if Schlosberg needed to file a proof of claim, the deadline relied upon by Jones would not be binding.[2]

Jones's argument that actions taken by the bankruptcy court and documents filed by Schlosberg after Jones filed a notice of appeal are void is unavailing. The filing of an appeal does not stay the effect of a bankruptcy court order absent a court order upon motion. *See* Bankruptcy Rule 8005. Jones filed several such motions before this Court and below, all of which were denied.

Finally, Jones's substantive arguments about the validity of the fraudulent conveyances were waived by his failure to present them below.

AFFIRMED.

---

**2.** It is not clear whether Schlosberg ever filed a proof of claim, but it appears to hold unextinguished liens on the property that will be paid upon distribution of the assets of the estate.